# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:23-cv-00212-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ONE SMITH & WESSON REVOLVER ) <br> AND .22 CALIBER AMMUNITION ) <br> seized from Chandra McCool on or ) <br> about February 26, 2023, in ) <br> McDowell County, North Carolina, ) <br> ) <br> Defendant. ) <br> _____ ) | **ORDER OF DEFAULT JUDGMENT** |

**THIS MATTER** is before the Court on the Government's Motion for Default Judgment of Forfeiture. [Doc. 7].

Pursuant to Fed. R. Civ. P. 55(b)(2), the Government requests that the Court enter a Default Judgment of Forfeiture as to the Smith & Wesson revolver and .22 caliber ammunition (collectively, "the Defendant Firearm") identified in the Government's Verified Complaint [Doc. 1].

## FACTUAL BACKGROUND

As the defaulted party is deemed to have admitted all well-pleaded allegations of fact in the Complaint,[1] the following is a recitation of the relevant, admitted facts.

On November 8, 2017, this Court sentenced Chandra McCool to 41 months in prison for conspiracy to distribute and possess with intent to distribute methamphetamine. See United States v. Dills, et al., No. 1:17-cr-00033-MR-WCM (W.D.N.C.), Doc. 99. [Doc. 1 at ¶ 10].

On August 16, 2021, this Court sentenced Chandra McCool to 10 months in prison for a violation of her conditions of supervised release, specifically, attempted possession of a firearm by a felon. See United States v. Dills, et al., No. 1:17-cr-00033-MR-WCM (W.D.N.C.), Doc. 126. [Doc. 1 at ¶ 11].

On February 26, 2023, United States Probation Officer Adams traveled to Chandra McCool's residence in connection with her federal

---

[1] Where, as here, an entry of default occurs, the defaulted party is deemed to have admitted all well-pleaded allegations of fact in the complaint. See Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2011); see also Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied"). Thus, the factual allegations in the Government's Verified Complaint [Doc. 1] are deemed admitted as true.

post-release supervision. [Id. at ¶ 12]. The residence was a small storage shed located in Old Fort, North Carolina. [Id.].

During a walkthrough of Chandra McCool's residence, Officer Adams located a black pelican style case with two unlocked padlocks. [Id. at ¶ 13]. When Officer Adams asked Chandra McCool about the identity of the owner of the case and its contents, she initially responded that it was not hers and she did not know what was inside. [Id.].

When Officer Adams asked Chanda McCool if there were guns inside the case, she advised she was not sure but there could be. [Id. at ¶ 14]. Officer Adams secured the case in his government-issued vehicle. [Id. at ¶ 15].

Officer Adams returned to residence and Chandra McCool telephoned her mother, Kimberly McCool. [Id. at ¶ 16]. Kimberly McCool is also a convicted felon, and her criminal history includes drug-related offenses. [Id. at ¶ 17]. When Officer Adams spoke to Kimberly McCool, she advised that the case belonged to her and that it contained legal papers. [Id. at ¶ 18]. Officer Adams asked Kimberly McCool if he could look inside the case, and she consented to the search. [Id.].

Officer Adams opened the case and located the Defendant Firearm. [Id. at ¶ 19].

As Officer Adams waited for the arrival of additional officers, Kimberly McCool and her boyfriend, Gary McTindal, arrived at the residence. [Id. at ¶ 20]. Mr. McTindal has a criminal history that includes, among other things, charges of assault with a deadly weapon, cyberstalking, possession of stolen property, and larceny. [Id. at ¶ 21].

Kimberly McCool advised that she had previously brought the case containing the Defendant Firearm to the shed where her daughter was living. [Id. at ¶ 22]. Kimberly McCool stated that she had several different cases and claimed that she did not realize that the firearm was in that specific case. [Id.].

Officers completed a search of the residence, during which they located, among other things, two sets of electronic scales, a ziplock baggie containing numerous pills, a syringe, glass pipe, and a small amount of marijuana. [Id. at ¶ 23]. Kimberly McCool advised that the pills were Clonazepam, a schedule IV-controlled substance for which she had no prescription. [Id. at ¶ 24].

## **PROCEDURAL BACKGROUND**

The Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") timely initiated an administrative forfeiture action against the Defendant Firearm. [Id. at ¶ 25]. On May 15, 2023, ATF received a claim and a petition for remission or mitigation from Mr. McTindal, asserting that the Defendant Firearm is his property. [Id. at ¶ 26].

On August 10, 2023, the Government filed a Verified Complaint for Forfeiture In Rem, alleging that the Defendant Firearm seized from Chandra McCool on or about February 26, 2023, is subject to civil forfeiture under 18 U.S.C. § 924(d)(1) and 21 U.S.C. § 881(a)(11). [Doc. 1]. On August 11, 2023, the Clerk issued a Warrant of Arrest In Rem for the Defendant Firearm. [Doc. 2].

After the Government filed its Complaint and in accordance with Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Government provided direct notice of this action to known potential claimants. Specifically, on August 22, 2023, the Government mailed notice and a copy of the Complaint to Chandra McCool, Kimberly McCool, and Gary McTindal. [Doc. 4]. Additionally, in accordance with Supplemental Rule G(4)(a), the Government provided notice by publication as to all persons with potential claims to the

5

Defendant Firearm by publishing notice via www.forfeiture.gov for 30 consecutive days, beginning on August 22, 2023. [Id.].

The Government has taken reasonable steps to provide notice to known potential claimants, and the Government has otherwise complied with the notice requirements set forth in Supplemental Rule G(4). During the pendency of this action, no individual or entity has made a timely claim to the Defendant Firearm. On January 9, 2024, the Government filed a motion for entry of Clerk's default. [Doc. 5]. On January 11, 2024, the Clerk entered default. [Doc. 6].

## **DISCUSSION**

Pursuant to the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), the Government has the initial burden of establishing by a preponderance of the evidence that the defendant property is subject to forfeiture. 18 U.S.C. § 983(c)(1). A complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. R. G(2)(f). The Government may obtain forfeiture of a firearm that was knowingly possessed by a convicted felon and/or was knowingly possessed by an unlawful user of a controlled substance. See 18 U.S.C. § 924(d)(1); 18 U.S.C. § 922(g)(1) and (g)(3). Additionally, the Government may obtain forfeiture of a firearm

6

used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances and/or proceeds traceable to such controlled substances.  See 21 U.S.C. § 881(a)(11).

Based upon the allegations of the Government's Verified Complaint—which allegations are deemed admitted as true—the Court finds that the Government has satisfied its burden of showing that the Defendant Firearm is subject to forfeiture under 18 U.S.C. § 924(d)(1) and 21 U.S.C. § 881(a)(11).  Additionally, the Court finds that the Government has taken reasonable steps to provide notice to known potential claimants, and the Government has otherwise complied with the notice requirements set forth in Supplemental Rule G(4).  No individual or entity has timely filed a claim to the Defendant Firearm.  After careful review, the Court finds that the Government has established that default judgment is appropriate.

## **JUDGMENT**

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the Government's Motion for Default Judgment of Forfeiture [Doc. 7] is hereby **GRANTED**, and Judgment of Forfeiture is **ENTERED** in favor of the United States against all persons and entities with respect to the Defendant Firearm identified in the Government's Complaint.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that any right, title, and interest of all persons to the Defendant Firearm is hereby forfeited to the United States, and no other right, title, or interest shall exist therein.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the United States Marshal is hereby directed to dispose of the Defendant Firearm as provided by law.

**IT IS SO ORDERED**.

Signed: February 5, 2024

Martin Reidinger
Chief United States District Judge